## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **MELANIE K., LARRY WESTON, TAMARA J., and DANNY GENTRY, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**KEITH HORTON, in his official capacity as the Commissioner for the Georgia Department of Human Services,**<br><br>**Defendant.** | **1:14-cv-710-WSD** |

## OPINION AND ORDER

This matter is before the Court on the Parties' Consent Motion to Certify the Class for Settlement Purposes [50] ("Consent Motion to Certify Class") and Plaintiffs' Motion to Appoint Class Counsel [51] ("Motion to Appoint Class Counsel"). Also before the Court are Plaintiffs' Motion for Class Certification [2] ("Motion for Class Certification") and Motion to Amend Motion for Class Certification Regarding Additional Class Counsel [36] ("Motion to Amend").

## I.     BACKGROUND

This is a class action brought by four named representatives, Melanie K., Larry Weston, Tamara J. and Danny Gentry (the "Plaintiffs") on their behalf and on behalf of a class of similarly situated people.  The Complaint alleges that Defendant Keith Horton, Commissioner for the Georgia Department of Human Services ("DHS"), failed to provide Supplemental Nutrition Assistance Program ("SNAP") benefits ("Food Stamps") to eligible households who filed initial, or renewal, applications within the time required by federal law.  Plaintiffs claim the failure to timely provide benefits resulted from policies and practices at DHS that (1) unlawfully denied applicants the opportunity to comply with application procedures resulting in denial of their applications, and (2) unlawfully delayed processing of applications resulting in eligibility decisions being made after federally required time limits.  The Complaint [1] alleges further that Defendant failed to send notices denying applications, including to renew, without providing adequate notice of the specific reason for the denial.

On March 1, 2014, Plaintiffs filed their Motion for Class Certification, seeking certification of "all Georgia residents who since January 1, 2013 have applied, are applying, or will apply for Food Stamps through an initial and/or renewal application."  In their motion, Plaintiffs also sought appointment of the

National Center for Law and Economic Justice ("NCLEJ"), and David Webster, as class counsel.  Defendant did not object to Plaintiffs' counsel representing the class if the Court certifies the class.  ([15] at 19 n.3).

On August 1, 2014, the parties filed their Motion to Amend [36] in which the parties agreed that DLA Piper be appointed as additional class counsel if the Court grants Plaintiffs' motion to certify the class.

On March 6, 2015, the parties filed their Consent Motion to Certify Class proposed, in which the parties agree to certify the following Settlement Class:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial and/or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

(Consent Motion to Certify Class at 3-4).  Plaintiffs also filed their Motion to Appoint Class Counsel, seeking an order appointing David Webster, National Center for Law and Economic Justice ("NCLEJ"), specifically attorneys Marc Cohan, Mary R. Mannix and Petra T. Tasheff (collectively, the "NCLEJ Lawyers"), and DLA Piper attorney Mark E. Grantham, as Co-Class Counsel.

## II.    DISCUSSION

### A.    Appointment of Class Counsel

Rule 23(g) of the Federal Rules of Civil Procedure provides that "a court that certifies a class must appoint class counsel."  Fed. R. Civ. P. 23(g)(1).  Class counsel "must fairly and adequately represent the interests of the class" and, in appointing class counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv), (2), (4).  The Court applies these criteria to the counsel requested to be appointed as Co-Class Counsel.

### (i) Work identifying or investigating potential claims

The NCLEJ Lawyers were substantially involved in identifying and investigating potential claims.  Prior to filing suit in March 2014, NCLEJ obtained voluminous documents from the United States Department of Agriculture Food and Nutrition Service ("FNS") regarding Defendant's administration of the Food Stamp program in Georgia.  They spoke with representatives of various advocacy

and social services organizations in Georgia with knowledge of problems residents of Georgia faced in trying to apply for Food Stamps, either through an initial or recertification application, and they interviewed needy applicants who described problems with Defendant's online application system, phone center, interviews, lost documents, and inadequate notices.

The NCLEJ Lawyers and David Webster reviewed the information collected before this action was filed.  Webster shared his knowledge about the Food Stamp program in Georgia and also discussed the claims that could be asserted.

The NCLEJ Lawyers' identification and investigation of claims continued after the lawsuit was filed.  Interrogatories were propounded and requests for production of documents were served.  In excess of 10,000 pages of documents produced by Defendant were reviewed and analyzed, and interviews of applicants continued.

Grantham and the NCLEJ Lawyers prepared for and conducted informal interviews of key DHS managers.  They reviewed the information obtained, which further enhanced their ability to identify and assess potential claims.

(ii) <u>Experience handling class actions, other complex litigation, and the types of claims asserted in the action</u>

The counsel seeking appointment as Co-Class Counsel have extensive experience in handling class actions and other complex litigation.  NCLEG has

litigated, in federal district courts across the country, numerous public benefits class actions, including more than a dozen actions involving Food Stamps.  The qualifications and experience of NCLEJ Lawyers Cohan, Mannix, and Tasheff support their academic qualifications and expertise in litigation of this sort to represent Plaintiffs and the class in this action.  David Webster, an experienced attorney in Atlanta, Georgia, has litigated class actions in federal court, and his experience in complex litigation and public benefits matters is substantial.  Grantham has significant experience in class actions.

(iii) <u>Counsel's knowledge of the applicable law</u>

NCLEJ Lawyers Cohan and Mannix are subject matter experts in public benefits law, including the Food Stamp Act.  Cohan joined NCLEJ in 1996, having previously worked in New York City legal services programs since 1977.  At NCLEJ, Cohan has litigated many major public benefits cases around the country and has served often as lead counsel in cases, developing new litigation and legal arguments to achieve systematic reform in the provision of public benefits.  At national and regional conferences, he has helped train legal advocates on litigation and public benefits issues.  Mannix also is an experienced public benefits attorney who has participated in litigation before the United States Supreme Court and other federal and state courts.  She provides litigation support to poverty advocates

across the country, has authored numerous articles on welfare advocacy, and has extensive experience designing and conducting national and regional training. Tasheff has extensive knowledge of the Food Stamp Act and has played a senior role in numerous lawsuits against state and local agencies for violations of the Food Stamp Act.

Grantham and DLA Piper have extensive knowledge of the Federal Rules of Civil Procedure and the Court's Local Rules.  That knowledge, coupled with their expertise in litigating complex litigation, ensures that the plaintiff class has counsel who is knowledgeable concerning the substantive law, as well as the benefits and risks of litigation, settlement and enforcement.

(iv) <u>Resources counsel will commit to representing the class</u>

NCLEJ, Webster and DLA Piper have extensive resources to represent the class.  NCLEJ has a demonstrated capacity to litigate complex class actions, and to monitor and enforce settlements.  NCLEJ routinely litigates cases to secure rights for Food Stamp applicants.  DLA Piper has considerable resources available to handle major litigation and is prepared to devote the firm's resources, as necessary, to support this litigation.

Having considered the Rule 23(g) factors for the appointment of class counsel, the Court concludes that counsel have extensive experience in litigating

similar cases, have performed substantial work in prosecuting this action to date, are well-versed in the law that applies to the claims asserted in this action, and have substantial resources to devote to the prosecution of this action. The Court finds that David Webster, NCLEJ, specifically attorneys Marc Cohan, Mary R. Mannix, and Petra T. Tasheff, and DLA Piper, specifically attorney Mark E. Grantham, satisfy the requirements of Rule 23(g) and are qualified to serve as Co-Class Counsel. The Motion for Appointment of Class Counsel is granted.

    B.    <u>Certification of Settlement Class</u>

    The parties move for certification of the following class for the purposes of settling this action:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial and/or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

(Consent Motion to Certify Class at 3-4). The parties agree certification is required under Rule 23(b)(2) because Plaintiffs seek injunctive and declaratory relief against Defendant for acting or refusing to act on grounds that apply generally to the class. <u>See</u> Fed. R. Civ. P. 23(b)(2). The relief proposed in the Settlement Stipulation is injunctive in nature and requires Defendant's compliance with the timely processing requirements of the Food Stamp Act.

A plaintiff seeking to certify a settlement class must first satisfy the requirements of Federal Rule of Civil Procedure 23(a), and at least one of the requirements of Rule 23(b).  See Fed. R. Civ. P. 23(a)-(b); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 621 (1997) (Rule 23(e), which provides for settlement of a class action, "was designed to function as an additional requirement, not a superseding direction, for the 'class action' to which Rule 23(e) refers is one qualified for certification under Rule 23(a) and (b).").

       1.    Rule 23(a)

Rule 23(a) provides:

(a)  Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

    (1) the class is so numerous that joinder of all members is impracticable;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In determining whether certification of a class for purposes of settlement is appropriate, the Court must evaluate whether a plaintiff can establish the requisite elements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation.  Amchem, 521 U.S. 591.

To satisfy the numerosity requirement, Plaintiffs must establish that the members of the proposed class are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, the Settlement Class consists of approximately two million members, (see Mannix Decl. [2.1] at ¶¶ 9-10), and the Court finds that the numerosity requirement is satisfied. See Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (noting classes of more than forty members typically satisfy the numerosity requirement).

To satisfy the commonality requirement, Plaintiffs must show that questions of law or fact are common to the entire class. Fed. R. Civ. P. 23(a)(2). "Commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1354 (11th Cir. 2009). Here, whether Defendant has policies and practices that unlawfully denied applicants the opportunity to comply with application procedures resulting in denial of their applications, and that unlawfully delayed processing of applications resulting in eligibility decisions being made after federally required time limits, are questions common to the entire class. The Court finds that the commonality requirement is satisfied.

To satisfy the typicality requirement, the claims of the class representative must be typical of the claims of the class members. Fed. R. Civ. P. 23(a)(3). The

claim of a class representative is typical if "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir 1984). Here, Plaintiffs assert that they filed applications for Food Stamps in Georgia, either on an initial or renewal basis, did not have their applications processed within the time frames required by law, and did not receive adequate notice of denial of their benefits. Plaintiffs' claims arise of out of the same conduct as the claims of the Settlement Class, and the Court finds that the typicality requirement is satisfied.

To satisfy the adequacy of representation requirement, Plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequate representation requirement involves questions of whether plaintiffs' counsel are qualified, experienced and generally able to conduct the proposed litigation, and of whether plaintiffs have interests antagonistic to those of the rest of the class." Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir. 1985). Here, Plaintiffs' Co-Class Counsel are well-experienced in public benefits law and class actions and have adequately prosecuted this case on behalf of Plaintiffs and the Settlement Class. Plaintiffs also share a common interest with the Settlement Class, that is, enjoining Defendant's policies and

practices that result in untimely processing and improper denial of applications, and inadequate notice of denials.  Plaintiffs, and their counsel, have fairly and adequately protected the interests of the Settlement Class.  The Court finds that the adequacy of representation requirement is also satisfied.

    2.    <u>Rule 23(b)</u>

Plaintiffs must also satisfy one of the requirements of Rule 23(b).  Plaintiffs move for class certification under Rule 23(b)(2), because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

The central focus of this litigation is Defendant's policies and practices that result in untimely processing and improper denial of applications, and inadequate notice of denials.  These policies and practices are equally applicable to each class member, and injunctive or declaratory relief addressing the policy with respect to the class as a whole is appropriate.

Courts in this Circuit and throughout the country routinely certify classes of public benefits applicants in similar cases seeking to challenge a policy, custom, or practice in the administration of food stamps and other benefit programs.  <u>See, e.g.</u>, <u>Dodson v. Parham</u>, 427 F. Supp. 97 (N.D. Ga. 1977) (certifying class of Medicaid

recipients in Georgia); <u>Hernandez v. Medows</u>, 209 F.R.D. 665, 667 (S.D. Fla. 2002) (granting class certification to Florida Medicaid recipients); <u>see also</u> <u>Robidoux v. Celani</u>, 987 F.2d 931, 933, 937 (2d Cir. 1993) (concluding that district court should have certified a class of persons in Vermont who suffered delays with respect to their applications for food stamps and a public assistance program); <u>Like v. Carter</u>, 448 F.2d 798, 802 (8th Cir. 1971) (holding that district court abused its discretion in refusing to certify class of public assistance applicants in an action alleging that Missouri failed to timely process their applications for benefits); <u>Briggs v. Bremby</u>, No. 3:12cv324 (VLB), 2013 WL 1987237, at *1 (D. Conn. May 13, 2013) (certifying class of "all persons in Connecticut who have applied, who are currently applying or will apply in the future and whose application was not timely processed for food stamps"); <u>Curtis v. Comm'r, Me. Dep't of Human Servs.</u>, 159 F.R.D. 339 (D. Me. 1994) (granting certification to class of food stamp recipients in Maine who were wrongfully denied benefits); <u>Robertson v. Jackson</u>, 766 F. Supp. 470 (E.D. Va. 1991) (noting Court had certified class of eligible Food Stamp applicants to address the timely operation of the Food Stamp program in Virginia); <u>aff'd</u>, 972 F.2d 529 (4th Cir. 1992).

In a similar case challenging Indiana's alleged failure to timely process Food Stamp applications, the parties also stipulated to the certification of a class of Food

Stamp applicants.  The class was defined as "[a]ll residents of Indiana who, since April 1, 2008, have applied, are applying, or will apply for food stamps in Indiana."  <u>Bell v. Murphy</u>, 3:09-CV-148 (RM), Doc. 40, Order Approving Stipulated Class Certification (N.D. Ind. June 22, 2009).  Having found that the requirements of Rule 23(a) and 23(b)(2) are satisfied, the Court certifies the Settlement Class as:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

The parties' Consent Motion to Certify Class is granted.

## III.    CONCLUSION

For the foregoing reasons, and having found Co-Class Counsel have met the requirements of Rule 23(g) and that this case is an appropriate Rule 23(b)(2) class action,

**IT IS HEREBY ORDERED** that the Parties' Consent Motion to Certify Class [50] is **GRANTED**.  The class in this case is defined as:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

14

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Appoint Class Counsel [51] is **GRANTED.**  David Webster, NCLEJ, specifically attorneys Marc Cohan, Mary R. Mannix, and Petra T. Tasheff, and DLA Piper, specifically attorney Mark E. Grantham, are appointed as Co-Class Counsel in this action.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Class Certification [2] and Motion to Amend [36] are **DENIED AS MOOT**.[1]

**SO ORDERED** this 23rd day of March, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1]     Having granted the Parties' Consent Motion to Certify Class, the Court concludes that Plaintiffs' originally-filed Motion for Class Certification and Plaintiffs' Motion to Amend this earlier motion are moot.