IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELANIE K., LARRY WESTON,
TAMARA J., and DANNY
GENTRY, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

KEITH HORTON, in his official
capacity as the Commissioner for the
Georgia Department of Human
Services,

    Defendant.

1:14-cv-710-WSD

## OPINION AND ORDER

This matter is before the Court on the Parties' Consent Motion to Preliminarily Approve the Stipulation and Order of Settlement [55] (the "Motion").

**I.     BACKGROUND**

This is a class action brought by four named representatives, Melanie K., Larry Weston, Tamara J. and Danny Gentry (the "Plaintiffs") on their behalf, and on behalf of a class of similarly situated people. The Complaint alleges that Defendant Keith Horton, Commissioner for the Georgia Department of Human Services ("DHS"), failed to provide Supplemental Nutrition Assistance Program

("SNAP") benefits ("Food Stamps") to eligible households who filed initial, or renewal, applications within the time required by federal law.  Plaintiffs claim the failure to timely provide benefits resulted from policies and practices at DHS that (1) unlawfully denied applicants the opportunity to comply with application procedures resulting in denial of their applications, and (2) unlawfully delayed processing of applications resulting in eligibility decisions being made after federally required time limits.  The Complaint [1] alleges further that Defendant failed to send notices denying applications, including to renew, without providing adequate notice of the specific reason for the denial.

On March 6, 2015, the Parties filed their Consent Motion to Certify the Class for Settlement Purposes [50] ("Consent Motion to Certify Class"), in which the parties agreed to certify the following Settlement Class:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial and/or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

(Consent Motion to Certify Class at 3-4).  Plaintiffs also filed their Motion to Appoint Class Counsel [51] ] ("Motion to Appoint Class Counsel"), seeking an order appointing David Webster, National Center for Law and Economic Justice ("NCLEJ"), specifically attorneys Marc Cohan, Mary R. Mannix and

2

Petra T. Tasheff (collectively, the "NCLEJ Lawyers"), and DLA Piper attorney Mark E. Grantham, as Co-Class Counsel.  On March 23, 2015, the Parties filed their Proposed Consent Order [52], requesting that the Court preliminarily approve the settlement between the Parties, and to approve the Notice to be sent to the proposed settlement class members.

On March 23, 2015, the Court granted the Parties Consent Motion to Certify Class and Plaintiff's Motion to Appoint Class Counsel.  (March 23, 2015, Order [53]).  The Court certified the Settlement Class as:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

On March 24, 2015, the Court held a telephone conference (the "March 24th Conference") to discuss the Parties proposed Notice and preliminary approval of the proposed settlement.  At the March 24th Conference, the Court approved the Parties' Notice, subject to the changes discussed at the March 24th Conference.  The Court also ordered the Parties to file a motion seeking preliminary approval of the settlement.

On April 1, 2015, the Parties filed their Motion, seeking approval of their proposed Stipulation and Order of Settlement [45] (the "Settlement").  The Parties

assert that the Settlement was the product of arm's-length negotiation over a period of many months, and that the Settlement is fair, reasonable, and adequate, providing significant immediate and long-term benefit to the settlement class.

## II.   DISCUSSION

### A.   Legal Standard

Under Rule 23(e) of the Federal Rules of Civil Procedure, a class-action settlement may be approved if the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "Approval is generally a two-step process in which a 'preliminary determination on the fairness, reasonableness, and adequacy of the proposed settlement terms' is reached. Holman v. Student Loan Xpress, Inc., No. 8:08-CV-305-T23MAP, 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009) (quoting David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2008)). "The factors considered are (1) the influence of fraud or collusion on the parties' reaching a settlement, (2) 'the likelihood of success at trial,' (3) 'the range of possible recovery,' (4) 'the complexity, expense[,] and duration of litigation,' (5) 'the substance and amount of opposition to the settlement,' and (6) 'the stage of proceedings at which the settlement was achieved.'" Id. (quoting Bennet v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)).

B. <u>Analysis</u>

In considering the <u>Bennet</u> factors, the Court first notes that there is not any evidence of fraud or collusion influencing the Parties reaching a settlement. The Parties have stated that the Settlement was the product of arm's-length negotiation over a period of many months and with the advice of experienced and qualified counsel.[1] Success at trial is uncertain because DHS possesses legal and factual defenses to the Plaintiffs' claims.[2] The range of the possible benefit and recovery under the proposed settlement is substantial, including (1) DHS's obligation to initially screen applicant households to determine if they are eligible for expedited service of their Food Stamp applications; (2) the provision of expedited service where warranted; (3) a requirement that DHS allow eligible households to participate in the Food Stamp program no later than thirty (30) calendar days following the date the application was filed; and (4) DHS's obligation to provide retroactive benefits to Georgia households who at any time during the period beginning on October 1, 2014, and ending on December 31, 2014, applied for Food

---

[1] The Court's March 23, 2015, Order, approving the Motion to Appoint Class Counsel details counsels' extensive expertise and qualifications.

[2] DHS's defenses include, for example, (1) sovereign immunity; (2) Plaintiffs' failure to exhaust administrative remedies; (3) Plaintiffs' lack of standing; (4) the lack of a private right of action for alleged violations of the Code of Federal Regulations; and (5) qualified immunity from suit.

Stamps, were denied, then reapplied, and were approved within sixty (60) days of the denial.  (Settlement at 6-10).

The Court notes further that litigation of this case would be lengthy, expensive, and uncertain.  Plaintiffs' Complaint noted, according to date from the Food and Nutrition Service at the United States Department of Agriculture, that on average, almost two million individuals in Georgia participated in the Food Stamp program in Fiscal Year 2013.  In light of the number of class members, the significant stakes involved, and the public interest in this litigation, the Parties will be highly motivated to aggressively litigate this case if a settlement was not approved.  The Court notes further that, at this stage, there is no apparent opposition to the Settlement.

Upon consideration of the <u>Bennet</u> factors, the Court preliminarily approves the Settlement as a "fair, reasonable, and adequate" compromise of Plaintiffs' claims.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Parties Consent Motion to Preliminarily Approve the Stipulation and Order of Settlement [55] is **GRANTED**.

**IT IS FURTHER ORDERED** that a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be conducted to determine whether the proposed Settlement is fair, reasonable, and adequate, and whether it should be approved by the Court.  The hearing shall be held on Wednesday, July 22, 2015, at 9:30 a.m. EST before the Honorable William S. Duffey, Jr., Courtroom 1705, 75 Spring Street, S.W., Atlanta, Georgia 30303-3309 (the "Settlement Hearing"). The hearing may, if required, be adjourned or continued from time to time with notice to be published on the Court's internet website and the NCLEJ's website.

**IT IS FURTHER ORDERED** that Defendants shall cause the approved Notice, attached hereto, to be published, in English and Spanish, in the <u>Atlanta Journal Constitution</u>; <u>The Augusta Chronicle</u>; <u>Savannah Morning News; Columbus Ledger Enquirer</u>; <u>The Telegraph (Macon)</u>; <u>Albany Herald</u>; <u>The Valdosta Daily Times</u>; and <u>The Daily Citizen (Dalton)</u> once a week for two consecutive weeks, and posted, in English and Spanish, on the Georgia Department of Human Service ("DHS") website at dcfs.dhs.georgia.gov/food-stamps, and posted, in English and Spanish, in the public waiting room of each of DHS's offices at which persons may apply for or seek information about Food Stamps, Medicaid, and cash public assistance, including each county office of Defendant's Division of Children and Family Services.  The Notice posted in DHS's offices shall be of comparable size

to other notices posted by Defendant. The two, once-per-week consecutive publications shall be made at least twenty-five (25) days prior to the Settlement Hearing. At least (25) days prior to the Settlement Hearing, Defendant shall also mail the Notice, in English and in Spanish, to the organizations identified in "Exhibit A" of the Proposed Consent Order [52-2] requesting that each organization post the Notice in English and Spanish in its public waiting room or any other conspicuous location.

**IT IS FURTHER ORDERED** that any member of the Settlement Class may appear at the Settlement Hearing, in person or by counsel. They may, at the Settlement Hearing, object to the Settlement or give reasons why the proposed Settlement should not be approved as fair, reasonable, and adequate. Any member of the Settlement Class may also object to or comment on the Settlement by submitting objections in writing to the Court at the address listed in the Notice. Objections or comments must be post-marked on or before Friday, July 10, 2015.

**SO ORDERED** this 15th day of April, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE