IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELANIE K., LARRY WESTON,
TAMARA J., and DANNY
GENTRY, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

KEITH HORTON, in his official
capacity as the Commissioner for the
Georgia Department of Human
Services,

        Defendant.

1:14-cv-710-WSD

## OPINION AND ORDER

This matter is before the Court on the Parties' Stipulation and Order of Settlement [45] (the "Settlement").

**I.   BACKGROUND**

This is a class action brought by four named representatives, Melanie K., Larry Weston, Tamara J. and Danny Gentry (the "Plaintiffs") on their behalf, and on behalf of a class of similarly situated people. The Complaint alleges that Defendant Keith Horton, Commissioner for the Georgia Department of Human Services ("DHS"), failed to provide Supplemental Nutrition Assistance Program

("SNAP") benefits ("Food Stamps") to eligible households who filed initial, or renewal, applications within the time required by federal law. Plaintiffs claim the failure to timely provide benefits resulted from policies and practices at DHS that (1) unlawfully denied applicants the opportunity to comply with application procedures resulting in denial of their applications, and (2) unlawfully delayed processing of applications resulting in eligibility decisions being made after federally required time limits. The Complaint [1] alleges further that DHS failed to send notices denying applications, including to renew, without providing adequate notice of the specific reason for the denial.

On March 6, 2015, Plaintiffs and DHS (the "Parties") filed their Consent Motion to Certify the Class for Settlement Purposes [50] ("Consent Motion to Certify Class"), in which the Parties agreed to certify the following Settlement Class:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial and/or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

(Consent Motion to Certify Class at 3-4). Plaintiffs also filed their Motion to Appoint Class Counsel [51] ("Motion to Appoint Class Counsel"), seeking an order appointing David Webster, National Center for Law and Economic Justice,

specifically attorneys Marc Cohan, Mary R. Mannix and Petra T. Tasheff, and DLA Piper attorney Mark E. Grantham, as Co-Class Counsel.  On March 23, 2015, the Parties filed their Proposed Consent Order [52], requesting that the Court (i) preliminarily approve the settlement between the Parties, and (ii) approve the Notice to be sent to the proposed settlement class members.

On March 23, 2015, the Court granted [53] the Parties; Consent Motion to Certify Class and Plaintiff's Motion to Appoint Class Counsel.  The Court certified the Settlement Class as:

> All Georgia residents who, since January 1, 2013, have applied, are applying, or will apply for Food Stamps through a completed initial or renewal application and whose applications or renewals have not been or will not be timely processed in accordance with the requirements of the Food Stamp Act and its implementing regulations.

On March 24, 2015, the Court held a telephone conference (the "March 24th Conference") to discuss the Parties proposed notice and preliminary approval of the proposed settlement.  At the March 24th Conference, the Court approved the Parties' notice, subject to the changes discussed at the conference.  The Court also ordered the Parties to file a motion seeking preliminary approval of the settlement.

On April 1, 2015, the Parties filed their Consent Motion to Preliminarily Approve the Stipulation and Order of Settlement [55].  The Parties asserted that the Settlement was the product of arm's-length negotiation, and that the Settlement is

fair, reasonable, and adequate, providing significant immediate and long-term benefit to the settlement class.

On April 15, 2015, the Court preliminarily approved [56] the Settlement, and ordered a hearing be conducted, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the proposed Settlement was fair, reasonable, and adequate, and whether final approval was warranted (the "Settlement Hearing"). (April 15, 2015, Order, at 6-7). On April 28, 2015, the Court amended [57] its April 15, 2015, Order, scheduling the Settlement Hearing for August 5, 2015. (April 28, 2015, Order, at 2). The Court further ordered that DHS cause the approved notice [57-1] (the "Notice") to be

> published, in English and Spanish, in the Atlanta Journal Constitution; The Augusta Chronicle; Savannah Morning News; Columbus Ledger Enquirer; The Telegraph (Macon); Albany Herald; The Valdosta Daily Times; and The Daily Citizen (Dalton) once a week for two consecutive weeks, and posted, in English and Spanish, on the Georgia Department of Human Service ("DHS") website at dcfs.dhs.georgia.gov/food-stamps, and posted, in English and Spanish, in the public waiting room of each of DHS's offices at which persons may apply for or seek information about Food Stamps, Medicaid, and cash public assistance, including each county office of Defendant's Division of Children and Family Services.

(Id.). Objections to the proposed Settlement were to be post-marked by Wednesday, July 22, 2015. (Notice at 2). No objections to the Settlement were filed.

On August 4, 2015, DHS filed the affidavit of Gary V. Stiner [58] ("Stiner Affidavit"), one of DHS's attorneys, and Mary Beth Lukich [59] ("Lukich Affidavit"), the Office of Family Independence Chief Information Officer for the Offices of Communications for the Division of Family and Children Services of DHS.  Mr. Stiner and Ms. Lukich stated that notice was provided to the Settlement Class in compliance with the Court's April 28, 2015, Order.[1]

On August 5, 2015, the Court conducted the Settlement Hearing.  At the hearing, Plaintiffs' counsel summarized the Settlement, and DHS's counsel affirmed that DHS was ready and able to comply with its terms.  There were no objections to the Settlement.

As required by the Settlement: (1) DHS will process applications and renewals for Food Stamps and decide eligibility within the time required by law; (2) DHS will provide monthly reports to Plaintiffs' counsel to ensure compliance with the Food Stamp Act; (3) DHS will establish an informal review process to allow Plaintiffs' counsel to address instances where a Food Stamps Act application

---

[1] Mr. Stiner stated that he caused the Notice to be published, in English and Spanish, in the eight newspapers identified by the Court in its April 28, 2015, Order, once a week for two consecutive weeks.  (Stiner Affidavit ¶ 3).  Ms. Lukich stated that she caused the Notice to be posted in English and Spanish, on DHS website, and posted, in English and Spanish, in the public waiting room of each of DHS'S offices at which persons may apply for or seek information about Food Stamps, Medicaid, and cash public assistance, including each county office of DHS'S Division of Children and Family Services.  (Lukich Affidavit ¶ 3).

was not processes as required; (4) DHS will improve, by 15% per quarter, its timely processing of Food Stamp Act applications, until it achieves 96% on-time processing of applications; (5) Plaintiffs will retain the right to return to the Court to enforce the Settlement until DHS achieves and maintains an average monthly processing performance of 96% for six (6) out of seven (7) quarters; and (6) Settlement Class members whose applications were wrongfully denied or not renewed, and who were subsequently approved for Food Stamp benefits, will be paid retroactive benefits.

## II.   DISCUSSION

### A.   Legal Standard

Rule 23(e) of the Federal Rules of Civil Procedure requires parties to obtain Court approval of any class action settlement agreement. The Court may approve the settlement "only after a hearing and on a finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Eleventh Circuit has identified the following factors to evaluate whether a settlement agreement is fair, reasonable and adequate:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

Dikeman v. Progressive Express Ins. Co., 312 F. App'x 168, 171 (11th Cir. 2008) (quoting Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)).

B.  Analysis

In considering the Bennet factors, the Court notes that success at trial is uncertain because DHS possesses legal and factual defenses to the Plaintiffs' claims.[2]  The benefit and recovery under the proposed settlement is substantial, including (1) DHS's obligation to initially screen applicant households to determine if they are eligible for expedited service of their Food Stamp applications; (2) the provision of expedited service where warranted; (3) a requirement that DHS allow eligible households to participate in the Food Stamp program no later than thirty (30) calendar days following the date the application was filed; and (4) DHS's obligation to provide retroactive benefits to Georgia households who at any time during the period beginning on October 1, 2014, and ending on December 31, 2014, applied for Food Stamps, were denied, then reapplied, and were approved within sixty (60) days of the denial.  (Settlement at 6-10).

---

[2]  DHS's defenses include, for example, (1) sovereign immunity; (2) Plaintiffs' failure to exhaust administrative remedies; (3) Plaintiffs' lack of standing; (4) the lack of a private right of action for alleged violations of the Code of Federal Regulations; and (5) qualified immunity from suit.

The Court notes further that litigation of this case would be lengthy, expensive, and uncertain. Plaintiffs' Complaint noted, according to data from the Food and Nutrition Service at the United States Department of Agriculture, that on average, almost two million individuals in Georgia participated in the Food Stamp program in Fiscal Year 2013. In light of the number of class members, the significant stakes involved, and the public interest in this litigation, the Parties will be highly motivated to aggressively litigate this case if a settlement is not approved.

No objections to the Settlement were filed or raised at the Settlement Hearing and, thus, there does not appear to be any opposition to the Settlement. The Court notes also that the Parties had sufficient factual information to assess the relative strengths and weaknesses of the claims and defenses at the time they discussed the potential for settlement, and the Settlement was the product of arm's-length negotiation with the advice of experienced and qualified counsel.

Having considered the factors discussed above, the Court finds that the Settlement is fair, reasonable, and adequate. See Fed. R. Civ. P. 23(e); Dikeman, 312 F. App'x at 171; Bennett, 737 F.2d at 986.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Stipulation and Order of Settlement [45] is **APPROVED**.

**SO ORDERED** this 6th day of August, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE